OPINION
STATEMENT OF THE FACTS AND CASE
In 1993, appellant and Sheena Guthrie formed a business entity known as "McKenzie/Matthew". In January, 1994, appellant, Guthrie, and George Shirley restructured McKenzie/Matthew into an incorporated association known as "Liberty Bell Association". Appellant was the president of Liberty Bell. The expressed purpose of the association was to acquire funds from individual investors, which were pooled together and loaned out in blocks to separate entities in order to generate additional revenue through rolling over the original funds. Various individuals in the Licking County area provided appellant with funds ranging from $2,000 to over $200,000.
The monies loaned to Liberty Bell were secured by promissory notes executed by Liberty Bell as the obligor and the individual contributors as the obligees. Under the terms of the notes, Liberty Bell would repay the obligee the principal of the loan plus 12% interest, two years from the date of the loan. After Liberty Bell obtained monies from the individual contributors, appellant loaned those funds to other entities secured by promissory notes containing the same terms.
The loans took two forms. First, Liberty Bell made loans either directly or indirectly to International Mortgage Company with the express purpose of originating residential loans. Second, Liberty Bell made loans to Global Environmental Industries with the express purpose of assisting the company in gaining a sufficient capital base with which to make a public offering of stock on the NASDAQ Exchange. The individual investors contacted by appellant did not have direct dealings with International Mortgage or Global Environmental. Neither appellant nor Liberty Bell transferred the promissory notes executed by International Mortgage or Global Environmental to the individual contributors of the funds. Concisely, the individual contributors loaned monies directly to Liberty Bell via appellant and, Liberty Bell, in turn, loaned those funds to International Mortgage or Global Environmental.
When appellant solicited investors for the funds, which were ultimately loaned by Liberty Bell, he directly and indirectly represented to the individuals their investments were fully guaranteed by government bonds, security companies, or similar assets. However, in reality, the monies were not secured. Of the 1.5 million dollars raised by appellant, only $143,000 were returned to investors.
As part of the agreements between Liberty Bell and both International Mortgage and Global Environmental, Liberty Bell received a commission for the funds raised. Although the promissory notes executed by International Mortgage and Global Environmental represented the full amount of the funds originally contributed by the individuals solicited by appellant, Liberty Bell and appellant retained between 10% and 20% of the original contributions as the "commission" promised by the borrowing companies. Appellant, therefore, collected his commission "off the top" from the original funds to Liberty Bell, rather than directly from the companies eventually receiving the monies. Appellant did not explain this arrangement to the individual investors.
In June, 1995, the Securities and Exchange Commission began an inquiry into Liberty Bell and its business dealings. Subsequently, on June 19, 1997, the Licking County Grand Jury indicted appellant on seventy-nine counts of various security law violations, one count of receiving stolen property, and one count of engaging in a pattern of corrupt activity. At his arraignment on June 30, 1997, appellant entered pleas of not guilty to all the charges contained in the indictment.
The trial court scheduled the matter for jury trial on December 8, 1997. On October 30, 1997, the trial court continued the matter until January 12, 1998, in order to allow the parties to prepare and submit trial briefs relative to the jury instructions. On January 7, 1998, the trial was continued until January 26, 1998. Again, on January 15, 1998, the trial court rescheduled the trial until April 14, 1998.
Following a trial by jury, Defendant-appellant Theodore Mong, II, was convicted and sentenced by the Licking County Court of Common Pleas on thirty one counts of sales of unregistered securities, in violation of R.C. 1707.44(C)(1); twenty counts of sales of securities without a license as defined by law after October 11, 1994, in violation of R.C.1707.44; eleven counts of sale of securities without a license as defined by law prior to October 11, 1994, in violation of R.C. 1707.44(A); seven counts of fraudulent practices in the sale of securities, in violation of R.C. 1707.44(G); seven counts of false representation in the sale of securities, in violation of R.C. 1707.44(B)(4); one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32; and one count of receiving stolen property, in violation of R.C. 2913.51.
On direct appeal, in Case No. 98-CA-0043, filed December 1, 1998, this Court affirmed the convictions and sentences of the Licking County Court of Common Pleas.
On April 23, 2001, Appellant filed a Petition for Relief after Judgment with the trial court.
By Judgment Entry filed May 24, 2001, the trial court denied Appellant's Petition for Relief after Judgment on the basis that such was not timely filed and further "failed to show any facts indicating that Appellant was unavoidably prevented from discovery of the facts upon which he must rely to present his claims."
On July 16, 2001, Appellant filed a Motion to Set Bond Pending Process of Vacating of Sentence and or Awaiting New Trial.
By Judgment Entry filed August 21, 2001, the trial court denied Appellant's Motion to Set Bond Pending Process of Vacating of Sentence and or Awaiting New Trial.
It is from the trial court's entries of May 24, 2001 and August 21, 2001 that Appellant appeals.
We begin by noting appellant has failed to comply with App. R. 16 and Local App. R. 9.
App. R. 16(A) provides:
 The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
(1) A table of contents, with page references.
 (2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 (4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 (5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 (6) A statement of the facts relevant to the assignments of error presented for review, with appropriate references to the record * * *
 (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 (8) A conclusion briefly stating the precise relief sought.
Appellant's brief does not satisfy the requirements of App. R. 16 and Local R. 9 in that Appellant does not present this court with a stated assignment of error. Such deficiency is tantamount to the failure to file a brief. Although this Court has the authority under App. R. 18(C) to dismiss an appeal for failure to file a brief, we shall not do so here.
While appellant did not present assignments of error in accordance with App. R. 16(A), upon review of appellant's Brief, it would appear that appellant seeks this court to rule upon the merits of his Petition for Post Conviction Relief.
In its May 24, 2001 Judgment Entry, the trial court summarily dismissed appellant's Petition finding such was not timely filed pursuant to R.C. § 2953.21 because more than 180 days had elapsed since the transcript was filed (June 8, 1998). Upon review of appellant's assignment of error, appellant does not argue or allege error in the trial court's dismissing the Petition as being untimely. Accordingly, we find it unnecessary to address the merits of appellant's arguments inasmuch as the trial court's finding the Petition was untimely filed is an independent ground warranting dismissal of appellant's Petition.
Appellant's assignment of error is overruled.
The decisions of the Licking County Court of Common Pleas are affirmed.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hon. Sheila G. Farmer, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.